Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TRACI MORRISON, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| SMITH POWER PRODUCTS, INC. | |
| Defendant. _____/ | |

COMES NOW plaintiff, through counsel, who hereby complains of defendant Smith Power Products, Inc. (hereinafter "Smith" or "defendant") et al, via this Complaint and Jury Demand as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff is a woman and is a resident of northern Nevada.  All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, i.e., in Sparks, Nevada.  Plaintiff hereby requests a jury trial relative to all issues so triable.   Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated August 10, 2021,  i.e., plaintiff has exhausted administrative remedies in accord with federal law.    This Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue which accompanies this Complaint and Jury Demand and is incorporated herein.

2. Defendant Smith, is a  corporation, limited liability company, partnership or some

other legal entity, which employed plaintiff from approximately September 10, 2018 until May 14, 2019 at which time plaintiff's employment was terminated by defendant. At all relevant times defendant employed at least fifteen employees for at least twenty weeks per year. Defendant maintains a business operation in Sparks, Nevada, where at plaintiff was previously employed.

   3. This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendant does substantial business in northern Nevada, e.g., it maintains a place of business in Sparks, Nevada, at which all, or almost all, acts, statements and omission which form the basis for this lawsuit occurred. Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

   4. This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq.  Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343. Jurisdiction exists because plaintiff is a woman who was subject to workplace harassment "because of sex" to the point at which plaintiff's workplace was rendered sexually hostile, i.e., plaintiff was subject to a sexually hostile work environment. Plaintiff's employment was terminated by defendant because she repeatedly opposed sexual harassment. Prior to terminating plaintiff's employment, defendant implement a transfer, which constituted retaliation. That is, in order to put distance between plaintiff and her harasser, defendant transfered plaintiff to a position where at she received fewer work hours. Defendant disguised its retaliatory termination of plaintiff's employment by labeling such a "lay off". Both the transfer and the termination of plaintiff's employment constituted retaliation, as actionable by Title VII.

First Cause of Action

(Sexual Harassment)

   5. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4, inclusive, as well as all other allegations herein.

   6. Throughout most of her employment plaintiff was subject to a hostile work environment which a reasonable woman, similarly situated would have found to be hostile and

offensive "because of sex".  Plaintiff was subject to rumors, to the effect she was having a sexual relationship with a male supervisor.  That male supervisor, in response to the rumors and/or plaintiff's repudiation thereof subjected plaintiff to a course of hostility which included excessive scrutiny; references to plaintiff as a "b____h"; openly calling plaintiff "stupid"; loudly demeaning plaintiff in a derogatory manner; preventing plaintiff from exiting her vehicle by parking inordinately close to her vehicle; placed bolts under plaintiff's tires – thereby necessitating replacement of all four of plaintiff's tires; calling plaintiff a "c__t" and saying other negative remarks about plaintiff outside of her presence.  Plaintiff was aware of these remarks because co-employees informed her while she was employed.  Plaintiff was also aware of the offending supervisor's attempts to get her fired because at least one other of defendant's employees informed her thereof.   Defendant assisted  in effecting harassment against plaintiff, after she complained of sexual harassment, by banning plaintiff from the main parking lot; banning plaintiff from using the main breakroom; moving plaintiff to a different Department and thereby isolating plaintiff from her co-workers and some friends, and depriving her of overtime.  The retaliatory hostility to which plaintiff was subject constitute part and parcel of the course of conduct which is actionable per Title VII.

   8.  Plaintiff was offended by the course of conduct described above.  A reasonable woman, similarly situated, would likewise have been offended "because of sex".  Defendant allowed an offensive work environment to be created and maintained, to the point at which the terms and conditions of plaintiff's employment were materially and adversely altered.

   9.  Defendant is estopped from asserting the affirmative defense created by the United States Supreme Court in the *Ellerth* and *Faragher* cases.  Defendant allowed some of its employees to routinely and loudly broadcast very offensive "rap" or "hiphop" music, i.e., music which is replete with foul, misogynistic terms and acts of violence against women – as was as descriptions of graphic sexuality.  That is, defendant allowed its written sexual harassment policy to be openly and loudly repudiated on a daily basis, sans any meaningful remedial response.  Everyone in the facility, including defendant's managers, routinely heard this sexually foul and misogynistic music being played.  Furthermore, defendant received

complaints from at least one other female employee re Mr. Hunt's intimidation of women, misogynistic remarks, blocking her car in, etc. Defendant dealt with this situation in a similar manner, i.e., it transferred Mr. Hunt's victim to a less favorable work location and one which involved unskilled and boring work. When defendant fielded plaintiff's complaint it knew that plaintiff was corroborated by at least one other female employee.

10. Any diminution and/or deficiency in plaintiff's work performance was directly and proximately caused by harassment and hostility which is actionable per Title VII and prohibited by Title VII. Defendant is therefore estopped from relying on such as a legitimate basis for any employment related decisions, e.g., the decisions to transfer and the decision to allegedly "lay off" plaintiff.

11. As a direct and proximate result of being subject to sexual harassment, including retaliatory hostility, plaintiff suffered loss of enjoyment of life, emotional distress and related symptoms and manifestations, anger, loss of enthusiasm for work, and feelings of humiliation and isolation.

12. Plaintiff has been required to incur costs and retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual harassment and retaliation.

Second Cause of Action

(Retaliation)

13. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 12, inclusive, as though the same were fully stated herein.

14. Some of the actions defendant implemented in response to plaintiff's opposition to sexual harassment, e.g., the transfer of plaintiff and the attendant loss of overtime, and the termination of plaintiff's employment constituted retaliation as prohibited by Title VII.

15. As a direct and proximate result of being subject to termination plaintiff suffered and was injured as described herein. Further, plaintiff sustained loss of pay and loss of benefits. Additionally, plaintiff suffered consequential losses and damage, e.g., inability to pay various bills, reduced credit rating, etc.

WHEREFORE, plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of costs and a reasonable attorney's fee;

3. For an award of economic damages according to proof; and

4. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendant to enforce the policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce.

DATED this 3rd day of November, 2021.

    /s/ Mark Mausert  
Mark Mausert  
Sean McDowell  
LAW OFFICE OF MARK MAUSERT  
729 Evans Avenue  
Reno, Nevada 89512

*Attorneys for Plaintiff*

**INDEX OF EXHIBITS**

August 10, 2021 Issued Notice of Right to Sue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1